**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION**

**BRANDY JO LEIBER and JORDAN LOTT,**
**on behalf of themselves and those similarly**
**situated,**

**JURY TRIAL DEMANDED**

    **Plaintiffs,**

**CASE NO.:**

**vs.**

**CHG HEALTHCARE SERVICES, INC., a**
**foreign for profit corporation, CHG**
**COMPANIES, INC., a foreign for profit**
**corporation, CHG MEDICAL STAFFING,**
**INC., a foreign for profit corporation, CHG**
**MANGEMENT, INC., a foreign for profit**
**corporation, COMPHEALTH**
**ASSOCIATES, INC., a foregian for profit**
**corporation, and WEATHERBY LOCUMS,**
**INC., a domestic for profit corporation,**

    **Defendants.**     /
_____

**COLLECTIVE ACTION COMPLAINT**

  Plaintiffs Brandy Jo Leiber and Jordan Lott, individually and on behalf of all other

similarly situated individuals, by and through undersigned counsel, sue the Defendants CHG

Healthcare Services, Inc., CHG Companies, Inc., CHG Medical Staffing, Inc., CHG

Management, Inc., CompHealth Associates, Inc., and Weatherby Locums, Inc., (hereinafter

collectively referred to as "CHG" and/or the "CHG Healthcare Defendants") on a collective

basis pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*., and in

support hereof, respectfully state as follows:

## INTRODUCTION

1.     The FLSA is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its purposes, the FLSA requires three things. First, the FLSA requires payment of minimum wages. 29 U.S.C. § 206(a). Second, the FLSA requires overtime pay for covered employers whose employees work in excess of 40 hours per workweek. 29 U.S.C. 207(a). And third, the FLSA establishes minimum recordkeeping requirements for covered employers. 29 U.S.C. § 211(a); 29 U.S.C § 516.2(a)(7).

2.     Plaintiffs, and other current and former similarly situated employees, are "Sales Consultant Trainees" for the Defendants who were paid a base salary approximating $40,000 per year while training to becoming "sales consultants."   Due to the Defendants company-wide policies and procedures the Plaintiffs were deprived of wages for hours actually worked. Specifically, despite the mandate of 29 C.F.R. § 541.705, that trainees for potentially exempt positions are not themselves exempt from the minimum hour and overtime requirements of the FLSA, Defendants did not compensate Plaintiffs, or those similarly situated, for hours that they worked in a given week in excess of 40 hours.   Therefore, it is Plaintiffs' contention that Defendants violated the FLSA by misclassifying their trainees as FLSA exempt and further failed to account for and pay Plaintiffs time and one-half of their prevailing hourly rate for all hours worked over forty (40) in a given workweek.

3.     Additionally, Plaintiffs, and others who were similarly situated, were deprived of wages for hours actually worked by the Defendants' policy to not record time worked by misclassified salaried individuals and encouraging and requiring them to perform certain duties and fill certain quotas regardless of how much time it took.   On information and belief,

Defendants utilized computer systems, phone systems, and an access card system to enter and exit the work floors, which should all accurately reflect the number of hours that Plaintiffs, and all others similarly situated, were onsite and performing work.  Further, Plaintiffs were instructed to forward their work phone numbers to their personal cell phones and to answer the work phone calls at any time of the day or night.

4.     Plaintiffs Brandy Jo Leiber and Jordan Lott bring this action individually and on behalf of all other similarly situated current and former misclassified exempt sales consultants who attended and were employed in the mandatory six (6) to eight (8) week sales consultant training program and who were paid a salary by the CHG Healthcare Defendants ("Putative Class Members") throughout the United States, at any time from May 18, 2015 through the final disposition of this matter, and have timely filed consent forms to join this collective action. These class members should be informed of the pendency of this action and apprised of their rights.

**THE PARTIES**

5.     Plaintiff Leiber, at all times material hereto, is an individual who resided in Ft. Lauderdale, Florida and worked at CHG's offices in Ft. Lauderdale, Florida within the relevant three-year period.

6.     Plaintiff Lott is an individual residing in Royal Palm Beach, Florida and worked at CHG's offices in Ft. Lauderdale, Florida within the relevant three-year period.

7.     The Putative Class Members include all of Weatherby's misclassified exempt trainees for a "Sales Consultant," "Associate Sales Consultant," "Inside Sales Representative," or "Inside Sales Consultant" position, that attended and were employed in an mandatory six (6) to eight (8) week training program throughout the United States, who performed the same or

similar work as Plaintiffs Leiber and Lott, and were subjected to the same or similar payment policies as Plaintiffs, at any time from May 18, 2015 through the final disposition of this matter.

8.      Defendant CHG Healthcare Services, Inc., (hereinafter "CHG Healthcare") is a foreign for-profit corporation organized under the laws of the State of Delaware, and authorized to do business in the state of Florida. It serves customers nationwide, directly and through various divisions, subsidiaries and affiliates, however constituted.  Defendant CHG Healthcare is a covered employer under the FLSA and acted as such in relation to Plaintiffs and the Putative Class Members.  Defendant CHG Healthcare may be served through its registered agent for service, **NRAI Services, Inc., 1200 South Pine Island Road, Plantation, FL 33324**.

9.      Defendant CHG Companies, Inc., (hereinafter "CHG Companies") is a foreign for-profit corporation organized under the laws of the State of Delaware, and is registered to conduct business in the state of Florida, and authorized to do business in the state of Florida. It serves customers nationwide, directly and through various divisions, subsidiaries and affiliates, however constituted.  Defendant CHG Companies is a covered employer under the FLSA and acted as such in relation to Plaintiffs and the Putative Class Members.  Defendant CHG Companies may be served through its registered agent for service, **NRAI Services, Inc., 1200 South Pine Island Road, Plantation, FL 33324**.

10.     Defendant CHG Medical Staffing, Inc., (hereinafter "CHG Medical") is a foreign for-profit corporation organized under the laws of the State of Delaware, and authorized to do business in the state of Florida. It serves customers nationwide, directly and through various divisions, subsidiaries and affiliates, however constituted.  Defendant CHG Medical is a covered employer under the FLSA and acted as such in relation to Plaintiffs and the Putative Class Members.  Defendant CHG Medical may be served through its registered agent for service,

**NRAI Services, Inc., 1200 South Pine Island Road, Plantation, FL 33324**.

11.     Defendant CHG Management, Inc. d/b/a/ CHG Administrative Management, Inc., (hereinafter "CHG Management") is a foreign for-profit corporation organized under the laws of the State of Delaware, and authorized to do business in the state of Florida. It serves customers nationwide, directly and through various divisions, subsidiaries and affiliates, however constituted.  Defendant CHG Management is a covered employer under the FLSA and acted as such in relation to Plaintiffs and the Putative Class Members.  Defendant CHG Management may be served through its registered agent for service, **NRAI Services, Inc., 1200 South Pine Island Road, Plantation, FL 33324**.

12.     Defendant CompHealth Associates, Inc.., (hereinafter "CompHealth") is a foreign for-profit corporation organized under the laws of the State of Connecticut, and authorized to do business in the state of Florida. It serves customers nationwide, directly and through various divisions, subsidiaries and affiliates, however constituted.  Defendant CompHealth is a covered employer under the FLSA and acted as such in relation to Plaintiffs and the Putative Class Members.  Defendant CompHealth may be served through its registered agent for service, **NRAI Services, Inc., 1200 South Pine Island Road, Plantation, FL 33324**.

13.     Defendant Weatherby Locums, Inc., (hereinafter "Weatherby Locums") is a domestic for-profit corporation organized under the laws of the State of Florida, and authorized to do business in the state of Florida. It serves customers nationwide, directly and through various divisions, subsidiaries and affiliates, however constituted.  Defendant Weatherby Locums is a covered employer under the FLSA and acted as such in relation to Plaintiffs and the Putative Class Members.  Defendant Weatherby Locums may be served through its registered agent for service, NRAI Services, Inc., 1200 South Pine Island Road, Plantation, FL 33324.

## SUBJECT MATTER JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction over the FLSA claim pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201 *et. seq.*

15.     This Court has personal jurisdiction over CHG because the cause of action arose within this District as a result of CHG's conduct within this District.

16.     Venue is proper in this District because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

17.     Specifically, CHG has maintained a working presence throughout South Florida, as well as nationally.

18.     Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## FLSA COVERAGE

19.     At all material times, the CHG Healthcare Defendants have been employers within the meaning of section 203(d) of the FLSA, which is defined to include any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d).

20.     At all material times, the CHG Healthcare Defendants have each been an enterprise in commerce or in the production of goods for commerce within the meaning of section 203(s)(l) of the FLSA because the CHG Healthcare Defendants have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

21.     At all material times, Plaintiffs and the Putative Class Members are (or were) employees who engaged in commerce or in the production of goods for commerce as required by sections 206 and 207 of the FLSA. 29 U.S.C. §§ 206–07.

22.     At all material times, the CHG Healthcare Defendants have had, and continue to

have, an annual gross business volume in excess of the statutory standard of $500,000.00.

23.     During Plaintiffs' employment, CHG employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce, such as computer systems, telephone systems, access cards, office supplies and other items used to run the business.

24.     Defendants, CHG Healthcare, CHG Companies, CHG Medical Staffing, CHG Management, CompHealth, and Weatherby Locums., in conjunction with their respective divisions, subsidiaries or affiliates in the United States, however such divisions, subsidiaries or affiliates are constituted, have at material times done business under the name of CHG Healthcare and Weatherby Healthcare (www.weatherbyhealthcare.com and www.chghealthcare.com) in the United States. These CHG Healthcare Defendant entities directly or indirectly acted in the interest of an employer toward Plaintiffs and other similarly situated employees, including without limitation directly or indirectly controlling the terms and conditions of employment and compensation of Plaintiffs and others similarly situated. Alternately, Defendants, CHG Healthcare, CHG Companies, CHG Medical Staffing, CHG Management, CompHealth, and Weatherby Locums, and each of their respective divisions, subsidiaries or affiliates, however constituted, were joint employers of Plaintiffs and other similarly situated misclassified exempt workers in their respective territory or territories because each, respective division, subsidiary or affiliate acted directly or indirectly in the interest of the other in relation to such Plaintiffs and such similarly situated persons. As a further alternative, Defendants, CHG Healthcare, CHG Companies, CHG Medical Staffing, CHG Management, CompHealth, and Weatherby Locums, and each of their respective divisions, subsidiaries or affiliates, however constituted for all nationwide location(s) at issue, were joint employers of the

Plaintiffs and the similarly situated misclassified exempt workers in their respective territories because they commonly controlled the terms of compensation and conditions of employment of Plaintiffs and others similarly situated, and are not completely disassociated with respect to the terms of compensation and conditions of employment of Plaintiffs and others similarly situated. As a final alternative, Defendants, CHG Healthcare, CHG Companies, CHG Medical Staffing, CHG Management, CompHealth, and Weatherby Locums, directly or indirectly acted in the interest of an employer toward Plaintiffs and other similarly situated employees at locations in the United States at all material times, including without limitation directly or indirectly controlling the terms and conditions of employment and compensation of Plaintiff and other workers similarly situated.

25.     Therefore, at all material times relevant to this action, Defendants CHG Healthcare, CHG Companies, CHG Medical, CHG Management, CompHealth and Weatherby Locums were an enterprise covered by the FLSA, and as defined by 29 U.S.C. §§ 203(r) and 203(s).

## **WAGE VIOLATIONS**

26.     CHG violated and continues to violate the FLSA by misclassifying its sales consultant trainees, however named or classified, as FLSA exempt and thereby fail to pay Plaintiffs and the Putative Class Members time and one-half for each hour worked in excess of 40 hours per workweek.

27.     At all times relevant to this action, Defendants failed to comply with the FLSA, because Plaintiffs and the Putative Class Members performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiffs, and those similarly situated, for all hours worked or at the correct prevailing rate.

## COLLECTIVE ACTION ALLEGATIONS

28.     This collective action includes all misclassified, salaried sales consultant employees of the CHG Healthcare Defendants, who worked in the capacity of a sales consultant trainee for the mandatory 6 to 8 week training program, however variously titled, at any location of every division, subsidiary, or affiliate of CHG throughout the United States, however constituted, in excess of forty (40) hours ("overtime hours") per workweek in one or more workweeks on or after May 2015, and who did not receive their overtime rate of pay for all of their overtime hours worked within such workweeks. (Collectively referred to as the "trainee sales consultant class" the "asserted class" "Putative Class" or as those employees "similarly situated").

29.     The material time for the claims under the FLSA in this case is the three-year period prior to the date of the filing of this complaint, or each plaintiff or similarly situated person's joinder or opting into this action, and the period of additional time, if any, that each such person's claims were tolled or extended by agreement of one or more Defendants, by equity, or by operation of law.

30.     At all times material to this Complaint, the CHG Healthcare Defendants failed to pay Plaintiffs and similarly situated persons properly for all overtime hours worked — that is, all of the hours worked in excess of forty (40) – within a workweek in compliance with the FLSA.

31.     Plaintiffs and those similarly situated sales consultant trainees were entitled to an overtime rate of pay equal to time and one-half wages for overtime hours worked (the "overtime rate of pay").

32.     In the course of employment with CHG, the Plaintiffs and the other current and former employees similarly situated were not paid their overtime rate of pay for all overtime

hours worked.

33.     There are estimated to be several hundred current and former employees within the asserted class for this collective action during the material time who are similarly situated to Plaintiffs. With such numbers of similar claims for unpaid overtime compensation, a collective action is a superior procedure for adjudicating such claims. Plaintiffs request that the Court authorize and supervise notice to the members of the asserted class so that all claims may be resolved efficiently in a single proceeding.

34.     The records, if any, should be in the custody or control of CHG concerning the identity of the members of the asserted class, their dates of employment, and the compensation actually paid, or not paid, to such employees.

35.     Potential opt-in members of the collective action are similarly situated to Plaintiffs. They all held the same job positions and had substantially similar job requirements and pay provisions. They are or were subject to the same common practices, policies, and plans of Defendants. They all suffer damages in the nature of lost overtime and other wages resulting from Defendants' wrongful conduct.

## STATEMENT OF FACTS

**A.     The CHG Healthcare Defendants Jointly Employ Their Sales Consultants Through Various Entities and Operations Throughout the United States**

36.     CHG advertises for all of its affiliated entities through www.chghealthcare.com. When describing its "family" of brands, the company states, "[e]ven if you haven't heard of CHG, chances are you're already familiar with one of our five brands.  Separately, they address specific customer needs.  Together, they provide a ***single source*** for total staffing solutions." www.chghealthcare.com/themes/chghealthcare/assets/pdf/learn-about-the-chg-family-of-companies.pdf (emphasis added).

37.     Additionally, CHG states that the "CHG family is made up of empowered individuals who care about making a difference," and when referencing its "extended family" states "[l]ast year alone, we placed more than eight thousand physicians.  We also placed thousands of nurses, allied health providers, even dialysis technicians.  They see CHG as a trusted partner…" *Id.*

38.     Further addressing their wholly integrated approach, CHG states "[w]e're able to staff across hundreds of disciplines and specialties and provide a single point of contact." *Id.*

39.     CHG has created a brand centered around family, and advertises that "as a family of companies, we share more than just a CEO," and additionally state, "with 900 recruiters supporting more than 125 specialties for doctors, allied professionals, and nurses as well as dialysis nurses and technicians, we can personalize our services just for you." www.chghealthcare.com/#business.

40.     Notwithstanding the unified advertising approach, CHG refers to its "family member" corporations as divisions denoting a unified corporate structure rather than truly independent and unaffiliated entities.

41.     What is more telling is that in the new hire paperwork provided to Plaintiffs Leiber and Lott, purporting to welcome them to Weatherby Healthcare, Plaintiffs were required to spend a week in Utah with CHG Healthcare Services corporate training department completing "CHG Healthcare Services Foundational Training."  Upon completion of the CHG foundational training, Plaintiffs would continue "divisional training courses."

42.     As additional evidence of the interrelatedness of the CHG entities as joint employers, the employment agreement presented to Plaintiffs states that it is made and entered into by and between CHG Healthcare Services, Inc., and all of its parent, subsidiary, and

affiliated corporations, companies, and business entities, including but not limited to CHG Companies, Inc., CHG Medical Staffing, Inc., CHG Management, Inc., CompHealth Associates, Inc., and Weatherby Locums, Inc. (collectively, the "Company").

43. Further, the pay records received by Plaintiffs were branded CHG Healthcare, and paid through CHG Medical Staffing, Inc.   Defendants clearly operate as one entity despite separate corporate forms.

44. The CHG Healthcare Defendants agreed to allocate responsibility for, or otherwise codetermined key terms and conditions of the Plaintiffs work, by providing an employment agreement binding all of the named defendants as parties to the employment contract.  Further, the Defendants jointly administered training at a "corporate parent level" and also a divisional level.  Clearly, the entities combined influence over the terms and conditions of the Plaintiffs employment renders the Plaintiffs employees of all the Defendants.

45. Upon information and belief, Defendants operate the CHG business out of their headquarters in Utah.

46. Upon information and belief, Defendants utilize a holding company structure for other CHG entities, such as the other Defendants here.

47. Upon information and belief, Defendants utilize different named entities in different states to operate their CHG locations and services.

48. However, these entities are operated out of CHG's headquarters in Utah and have common officers and directors, states of incorporation, and listed principal places of business.

49. The CHG website lists the locations it operates, stating "our growing family now has nine offices in six states with our headquarters still in Salt Lake City, Utah."  *See* www.chghealthcare.com/#about.

50.     Upon information and belief, CHG's business is a centralized, top-down operation controlled by the CHG Healthcare Defendants.

51.     Upon information and belief, there is common ownership between the CHG Healthcare Defendants.

52.     Upon information and belief, the CHG Healthcare Defendants jointly determine, share or allocate responsibility for payroll matters.

53.     Upon information and belief, the CHG Healthcare Defendants jointly determine, share or allocate responsibility for workers' compensation insurance matters.

54.     Upon information and belief, the CHG Healthcare Defendants jointly determine, share or allocate responsibility for payroll tax matters.

55.     Upon information and belief, the CHG Healthcare Defendants jointly determine, share or allocate responsibility for human resources matters, including but not limited to the hiring and firing of employees. www.chghealthcare.com/#careers, provides open positions across all defendants.

56.     Upon information and belief, the CHG Healthcare Defendants jointly determine, share or allocate responsibility for marketing/advertising matters.

57.     It is clear that CHG operates its locations in different states as one common business enterprise with a common business purpose of providing *locum tenens* placement to its healthcare clients nationally, and even internationally.

58.     As such, Plaintiffs and the Putative Class Members in this action were jointly employed by the CHG Healthcare Defendants here under the FLSA and have standing to bring their claims against CHG on a collective basis.

**B.**     **Plaintiffs and the Putative Class Members are (or were) Sales Consultants for CHG Throughout the United States**

59.     Defendants' sales consultants, including Plaintiffs and the Putative Class Members, were all required to attend a mandatory six (6) to eight (8) week training program and were misclassified as exempt salaried employees during this time frame.

60.     Defendants' sales consultants were all misclassified as FLSA exempt during this training period.

61.     Plaintiff Leiber was employed as a misclassified exempt sales consultant at CHG's office in Ft. Lauderdale, Florida from April 25, 2016 until approximately June 17, 2016.

62.     Plaintiff Leiber was compensated at a base yearly salary of $40,000.  Her pay records reflect that the Defendants paid her an hourly rate of $19.23 per hour reflecting the salary was intended to compensate her for a 40 hour workweek ($40,000/2080 hours = $19.23/hr).

63.      Plaintiff Leiber did not receive the proper amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.

64.     Plaintiff Lott was employed as a misclassified exempt sales consultant at CHG's office in Ft. Lauderdale, Florida from April 25, 2016 until approximately June 17, 2016.

65.     Plaintiff Lott was compensated at a base yearly salary of $40,000.  His pay records reflect that the Defendants paid him an hourly rate of $19.23 per hour reflecting the salary was intended to compensate him for a 40 hour workweek ($40,000/2080 hours = $19.23).

66.     Plaintiff Lott did not receive the proper amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.

67.     Both Plaintiff Lott and Plaintiff Leiber attended the CHG Healthcare Services Foundational Training Program in Salt Lake City, Utah, during their first week of employment.

68.     On information and belief, all sales consultants are required to attend the CHG

Healthcare Services Foundational Training Program in Salt Lake City, Utah.

69.     The Putative Class Members are (or were) misclassified exempt sales consultant trainees for Defendants throughout the United States for the 3-year period preceding the filing of this complaint through the final disposition of this matter.

70.     None of the FLSA exemptions relieving a covered employer of the statutory duty to pay employees overtime at one and one-half times the regular rate of pay apply to the CHG Healthcare Defendants, Plaintiffs or the Putative Class Members.

71.     Plaintiffs and the Putative Class Members are similarly situated with respect to their job duties, their pay structure and, as set forth below, the policies of Defendants resulting in FLSA violations.

**C.     Defendants did not (and do not) pay Plaintiffs and the Putative Class Members overtime in accordance with the FLSA.**

72.     Plaintiffs and the Putative Class Members were (and are) required to work overtime hours when requested by Defendants, and were (and are) subject to potential disciplinary action for refusing to work overtime.

73.     Plaintiffs and the Putative Class Members regularly worked (or work) over forty (40) hours in a workweek as misclassified exempt sales consultant trainees.

74.     Defendants compensated Plaintiffs and Putative Class Member on a base yearly salary of $40,000 per year, while employed and attending the mandatory 6 to 8 week training program for sales consultants.

75.      Plaintiffs and the Putative Class Members were hired to work a regular workweek consisting of forty (40) hours per workweek, and it was the Plaintiffs understanding that their wages would compensate them for forty (40) hours.  Further, when Plaintiffs inquired as to whether over time would be paid, they were told that they were FLSA exempt and were not

going to be paid overtime.

76.    The CHG Healthcare Defendants misclassification of Plaintiffs and Putative Class members as FLSA exempt violates the provisions of 29 C.F.R. § 541.705, which states, "the executive, administrative, professional, outside sales and computer employee exemptions do not apply to employees training for employment in an executive, administrative, professional, outside sales or computer employee capacity who are not actually performing the duties of an executive, administrative, professional, outside sales or computer employee." Id.

77.    Plaintiffs and Putative Class Members did not manage or direct the work of at least two or more other full time employees, and did not have authority to hire or fire other employees or provide suggestions regarding the advancement, promotion, or any other change of status of other employees.

78.    Plaintiffs and the Putative Class Members did not exercise any discretion or independent judgment with respect to matters of significance since they were in the training program with all aspects of their day to day job duties monitored, defined, and dictated by the CHG training supervisors and applicable rules, regulations and guidelines of CHG.

79.    Plaintiffs and the Putative Class Members were not required to perform work requiring advanced knowledge that is predominantly intellectual in character or requiring consistent exercise of discretion and judgment.

80.    At no point were Plaintiffs or the Putative Class members engaging in sales activities outside of the principal office location in which they worked and at home.

81.    The bulk of Plaintiffs and Putative Class Members training consisted of making a mandatory 100 cold calls a day to prospective clients, and further being critiqued on those calls, and engaging in roll playing for those calls with other trainees or the training supervisors.  In

preparation for those calls, Plaintiffs and Putative Class Members were provided with well-defined guidelines as to what can and cannot be said on the call.  Further, in the event that a potential sale could be made, the sales consultant trainees were required to get approval from their supervisors and managers and could not exercise any independent judgment as to terms of employment or salaries that could be offered to the prospective *locum tenens* healthcare professional.

82.     The CHG Healthcare Defendants did not pay Plaintiffs or the Putative Class Members time and one-half for hours worked over forty (40) hours in a workweek.

83.     The FLSA requires non-exempt or misclassified exempt employees, like Plaintiffs and the Putative Class Members to be compensated for overtime work at the mandated overtime pay rate.

84.     Plaintiffs and the Putative Class Members were entitled to receive time and one-half compensation for all hours worked over forty (40) hours in a workweek.

85.     The payment scheme used by the CHG Healthcare Defendants to pay Plaintiffs and the Putative Class Members did not comply with the FLSA.

86.     The CHG Healthcare Defendants violated and continue to violate the FLSA by failing to pay its sales consultant trainees including Plaintiffs and the Putative Class Members, time and one-half for each hour worked in excess of forty (40) hours per workweek.

87.     As the CHG Healthcare Defendants employees, Plaintiffs and the Putative Class Members were subjected to the same or a substantially similar payment scheme, as described above.

88.     On several occasions, Plaintiffs and other similarly situated drivers complained to management that they were not being paid for overtime.

89.     In response to Plaintiffs' and other similarly situated sales consultant trainees complaints, CHG management told Plaintiffs other sales consultants that they were salaried and exempt from overtime compensation.

## COUNT I – RECOVERY OF OVERTIME COMPENSATION (29 U.S.C. § 207)

90.     Plaintiff and the Putative Class Members incorporate by reference paragraphs 1-89 as though fully and completely set forth herein.

91.     CHG's practice of failing to pay Plaintiffs and the Putative Class Members time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA.  29 U.S.C. § 207.

92.     None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to CHG or Plaintiffs.

93.     CHG failed to keep adequate records of Plaintiff's and Putative Class Member's work hours and pay in violation of section 211(c) of the FLSA.  29 U.S.C. § 211(c).

94.     Federal law mandates that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information:

    a.  The time of day and day of week on which the employees' work week begins;

    b.  The regular hourly rate or pay for any workweek in which overtime compensation is due under Section 7(a) of the FLSA;

    c.  An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

    d.  The amount and nature of each payment which, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate";

e.  The hours worked each workday and total hours worked each workweek;

f.  The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive or premium overtime compensation;

g.  The total premium for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under this section;

h.  The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

i.  The dates, amounts, and nature of the items which make up the total additions and deductions;

j.  The total wages paid each pay period; and

k.  The date of payment and the pay period covered by payment.

29 C.F.R. §§ 516.2, 516.5.

95.     The CHG Healthcare Defendants have not complied with the federal law and have failed to maintain such records with respect to Plaintiffs and the Putative Class Members. Because Defendants' records are inaccurate and/or inadequate, Plaintiffs and the Putative Class Members can meet their burden under the FLSA by proving that they, in fact, performed work for which they were improperly compensated, and produce sufficient evidence to show the amount and extent of the work "as a matter of a just and reasonable inference." *See, e.g.,* *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946).

96.     The CHG Healthcare Defendants' failure to properly compensate employees at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of

forty (40) hours in a workweek, results from Defendants misclassification policy or practice that applies to all similarly-situated employees, nationwide.

97.     CHG knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation correctly with respect to Plaintiffs and the Putative Class Members.

98.     Specifically, despite the fact that numerous CHG sales consultants brought CHG's aforementioned illegal policies and FLSA violations to CHG's attention throughout their employ, CHG refused to pay Plaintiffs and the Putative Class Members their proper compensation as required by the FLSA.

99.     CHG did not act in good faith or reliance upon any of the following in formulating their pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, et seq., (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

100.    Accordingly, Plaintiffs and the Putative Class Members bring this cause of action under section 216(b) of the FLSA, which allows them to recover all unpaid overtime compensation to which they are entitled, but have not been paid, for the 3-year period preceding the filing of this complaint through the final disposition of this matter. 29 U.S.C. § 216(b).

101.    Plaintiff and the Putative Class Members contend that CHG's conduct in violating the FLSA is willful. Accordingly, Plaintiff and the Putative Class Members seek recovery of all unpaid overtime compensation to which they are entitled, but have not been paid, for the three years preceding the filing of this complaint through the final disposition of this matter. 29 U.S.C. § 216(b).

102.    Due to the willful nature of Defendants' conduct, Plaintiff and the Putative Class Members seek to recover, as liquidated damages, an amount equal to unpaid overtime wages for

the 3-year period preceding the filing of this complaint through the final disposition of this matter—that is, the same period for which unpaid overtime damages are sought. 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

Plaintiffs, individually, and behalf of all other similarly situated persons, respectfully request that this Court enter judgment against the Defendants:

a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all Putative Class Members;

b. For an Order approving the form and content of a notice to be sent to all potential collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

c. For a declaratory judgment that Defendants have willfully and in bad faith violated the overtime wage provisions of the FLSA, and have deprived Plaintiff and the Putative Class Members of their rights to such compensation;

d. For an Order requiring Defendants to provide a complete and accurate accounting of all overtime wages to which Plaintiffs and all Putative Class Members;

e. For an Order awarding Plaintiffs (and those who have joined in the suit) back wages that have been improperly withheld;

f. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiffs (and those who have joined in the

suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those who have joined in the suit);

g.  For an Order awarding Plaintiffs (and those who have joined in the suit) the costs of this action;

h.  For an Order awarding Plaintiffs (and those who have joined in the suit) attorneys' fees;

i.  For an Order awarding Plaintiffs (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

j.  For an Order awarding Plaintiffs a service award as permitted by law;

k.  For an Order granting such other and further relief as may be necessary and appropriate.

## JURY TRIAL DEMAND

Plaintiffs, on behalf of themselves, and all others similarly situated, demand trial by jury on all issues so triable.

Respectfully submitted by:

**MORGAN & MORGAN, P.A**.

*/s/ Paul M. Botros, Esq*.
Paul M. Botros, Esq.
FBN 0063365
600 N. Pine Island Road.
Suite 400
Plantation, FL 33324
Telephone:     (954) 327-5352
Facsimile:      (954) 327-3017
Email:  pbotros@forthepeople.com

*Trial Counsel for Plaintiffs and Putative Class Members*