UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 18-61139-CIV-BLOOM/VALLE

BRANDY JO LEIBER and JORDAN LOTT, on behalf of themselves and those similarly situated,

       Plaintiffs,

v.

CHG HEALTHCARE SERVICES, INC., a foreign for profit corporation, CHG COMPANIES, INC., CHG MEDICAL STAFFING, INC., a foreign for profit corporation, CHG MANAGEMENT, INC., COMPHEALTH ASSOCIATES, INC., and WEATHERBY LOCUMS, INC.,

       Defendants.
_____/

**DEFENDANTS' ANSWER AND STATEMENT OF AFFIRMATIVE DEFENSES TO FIRST AMENDED COLLECTIVE ACTION COMPLAINT**

Defendants, CHG Healthcare Services, Inc. ("CHG Healthcare"), CHG Companies, Inc. ("CHG Companies"), CHG Medical Staffing, Inc. ("CHG Medical"), CHG Management, Inc. ("CHG Management"), CompHealth Associates, Inc. ("CompHealth"), and Weatherby Locums, Inc. ("Weatherby") (collectively, "Defendants"), by and through their undersigned counsel, file their Answer and Statement of Affirmative Defenses to the First Amended Collective Action Complaint [ECF No. 7] filed by Plaintiffs, Brandi Jo Leiber and Jordan Lott (collectively, "Plaintiffs"), as follows:

## INTRODUCTION

1. Defendants state that the Fair Labor Standards Act ("FLSA") speaks for itself.

2. Defendants deny the allegations contained in Paragraph 2 of the Amended Complaint.

3. Defendants deny the allegations contained in Paragraph 3 of the Amended Complaint.

4. Defendants deny the allegations contained in Paragraph 4 of the Amended Complaint, except aver that Plaintiffs Brandy Jo Leiber and Jordan Lott purport to bring this action individually and on behalf of all others similarly situated.

## THE PARTIES

5. Defendants aver that Plaintiff Leiber worked at Weatherby's offices in Fort Lauderdale, Florida. Defendants are without knowledge or information sufficient to form a belief as to Plaintiff Leiber's current residence and deny that a three-year statute of limitations period is a "relevant" period for purposes of this action.

6. Defendants aver that Plaintiff Lott worked at Weatherby's offices in Fort Lauderdale, Florida. Defendants are without knowledge or information sufficient to form a belief as to Plaintiff Lott's current residence and deny that a three-year statute of limitations period is a "relevant" period for purposes of this action.

7. Defendants deny the allegations contained in Paragraph 7 of the Amended Complaint.

8. Defendants admit that CHG Healthcare is a foreign for-profit corporation organized under the laws of the State of Delaware, it serves customers nationwide, and is authorized to do business in the State of Florida. Defendants further admit that CHG Healthcare may be served

through its registered agent, NRAI Services, Inc., 1200 South Pine Island Road, Plantation, Florida 33324. Defendants deny the remaining allegations contained in Paragraph 8 of the Amended Complaint and state whether it is a "covered employer under the FLSA" calls for a legal conclusion to which no response is required.

9.  Defendants admit that Defendant CHG Companies is a foreign for-profit corporation organized under the laws of the State of Delaware, is registered to conduct business in the State of Florida, and is authorized to do business in the State of Florida. Defendants further admit that CHG Companies may be served through its registered agent, NRAI Services, Inc., 1200 South Pine Island Road, Plantation, Florida 33324 and deny the remaining allegations contained in Paragraph 9 of the Amended Complaint.

10. Defendants admit that Defendant CHG Medical is a foreign for-profit corporation organized under the laws of the State of Delaware, it serves customers nationwide, and is authorized to do business in the State of Florida. Defendants further admit that CHG Medical may be served through its registered agent, NRAI Services, Inc., 1200 South Pine Island Road, Plantation, Florida 33324. Defendants deny the remaining allegations contained in Paragraph 10 of the Amended Complaint and state whether it is a "covered employer under the FLSA" calls for a legal conclusion to which no response is required.

11. Defendants admit that Defendant CHG Management d/b/a CHG Administrative Management, Inc., is a foreign for-profit corporation organized under the laws of the State of Delaware, and is authorized to do business in the State of Florida. Defendants further admit that CHG Management may be served through its registered agent, NRAI Services, Inc., 1200 South Pine Island Road, Plantation, Florida 33324. Defendants deny the remaining allegations contained in Paragraph 11 of the Amended Complaint.

CASE NO.:18-61139-CIV-BLOOM/VALLE

12. Defendants admit that Defendant CompHealth is a foreign for-profit corporation organized under the laws of the State of Connecticut, it serves customers nationwide, and is authorized to do business in the State of Florida. Defendants further admit that CompHealth may be served through its registered agent, NRAI Services, Inc., 1200 South Pine Island Road, Plantation, Florida 33324. Defendants deny the remaining allegations contained in Paragraph 12 of the Amended Complaint and state whether it is a "covered employer under the FLSA" calls for a legal conclusion to which no response is required.

13. Defendants admit that Defendant Weatherby Locums, Inc. ("Weatherby") is a domestic for-profit corporation organized under the laws of the State of Florida, it servescustomers nationwide, and is authorized to do business in the State of Florida. Defendants further admit that Weatherby may be served through its registered agent, NRAI Services, Inc., 1200 South Pine Island Road, Plantation, Florida 33324. Defendants deny the remaining allegations contained in Paragraph 13 of the Amended Complaint and state whether it is a "covered employer under the FLSA" calls for a legal conclusion to which no response is required.

## SUBJECT MATTER JURISDICTION AND VENUE

14. Defendants neither admit nor deny the allegations contained in Paragraph 14 of the Amended Complaint, as they call for a legal conclusion to which no response is required, but do not contest subject matter jurisdiction.

15. Defendants neither admit nor deny the allegations contained in Paragraph 15 of the Amended Complaint, as they call for a legal conclusion to which no response is required, but do not contest that this Court has personal jurisdiction over Defendants.

16. Defendants neither admit nor deny the allegations contained in Paragraph 16 of the Amended Complaint, as they call for a legal conclusion to which no response is required, but do not contest venue in this District.

17. Defendants aver that CHG Healthcare and Weatherby have maintained a working presence throughout South Florida, as well as nationally. Defendants deny the remaining allegations contained in Paragraph 17 of the Amended Complaint.

18. Defendants neither admit nor deny the allegations contained in Paragraph 18 of the Amended Complaint, as they call for a legal conclusion to which no response is required, but do not contest venue in this District.

**FLSA COVERAGE**

19. Defendants neither admit nor deny the allegations contained in Paragraph 19 of the Amended Complaint, as they call for a legal conclusion to which no response is required. Defendants further state that section 203(d) of the FLSA speaks for itself as to its contents.

20. Defendants neither admit nor deny the allegations contained in Paragraph 20 of the Amended Complaint, as they call for a legal conclusion to which no response is required. Defendants further state that section 203(s)(1) of the FLSA speaks for itself as to its contents.

21. Defendants neither admit nor deny the allegations contained in Paragraph 21 of the Amended Complaint, as they call for a legal conclusion to which no response is required. Defendants further state that sections 206 and 207 of the FLSA speak for themselves as to their contents.

22. Defendants deny the allegations contained in Paragraph 22 of the Amended Complaint with respect to Defendants CHG Management and CHG Healthcare. Defendants admit

the allegations contained in Paragraph 22 of the Amended Complaint with respect to the other Defendants.

23. Defendants admit its employees use computers and telephones, except deny the remaining allegations contained in Paragraph 23 of the Amended Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of the Amended Complaint, except state that Weatherby employed the named Plaintiffs.

25. Defendants deny the allegations contained in Paragraph 25 of the Amended Complaint.

## WAGE VIOLATIONS

26. Defendants deny the allegations contained in Paragraph 26 of the Amended Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of the Amended Complaint.

## COLLECTIVE ACTION ALLEGATIONS

28. Defendants deny the allegations contained in Paragraph 28 of the Amended Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of the Amended Complaint.

30. Defendants deny the allegations contained in Paragraph 30 of the Amended Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of the Amended Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Amended Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of the Amended Complaint.

34. Defendants aver that records regarding their employees during the relevant time period are in their possession, custody, or control, except deny that the potential class as defined by Plaintiffs is appropriate.

35. Defendants deny the allegations contained in Paragraph 35 of the Amended Complaint.

## STATEMENT OF FACTS

**A.  The CHG Healthcare Defendants**

36. Defendants deny the allegations contained in Paragraph 36 of the Amended Complaint, except aver that the website www.chghealthcarecom speaks for itself as to its contents.

37. Defendants deny the allegations contained in Paragraph 37 of the Amended Complaint, except aver that the website www.chghealthcarecom speaks for itself as to its contents.

38. Defendants deny the allegations contained in Paragraph 38 of the Amended Complaint, except aver that the website www.chghealthcarecom speaks for itself as to its contents.

39. Defendants deny the allegations contained in Paragraph 39 of the Amended Complaint, except aver that the website www.chghealthcarecom/#business speaks for itself as to its contents.

40. Defendants deny the allegations contained in Paragraph 40 of the Amended Complaint.

41. Defendants admit Plaintiffs were required at the outset of their employment to spend one week in Utah at CHG Healthcare's corporate training department for training purposes, except deny the remaining allegations contained in the Amended Complaint.

42. Defendants aver that Plaintiffs' employment agreements speak for themselves as to their contents.

43. Defendants deny the allegations contained in Paragraph 43 of the Amended Complaint, except aver that pay records sent to Plaintiffs Leiber and Lott contained the name of CHG Healthcare and were paid through CHG Medical Staffing, Inc.

44. Defendants deny the allegations contained in Paragraph 44 of the Amended Complaint.

45. Defendants admit the allegations contained in Paragraph 45 of the Amended Complaint.

46. Defendants deny the allegations contained in Paragraph 46 of the Amended Complaint.

47. Defendants deny the allegations contained in Paragraph 47 of the Amended Complaint.

48. Defendants deny the allegations contained in Paragraph 48 of the Amended Complaint.

49. Defendants aver that the website www.chghealthcare.com/#about speaks for itself as to its contents.

50. Defendants deny the allegations contained in Paragraph 50 of the Amended Complaint.

51. Defendants deny the allegations contained in Paragraph 51 of the Amended Complaint.

52. Defendants deny the allegations contained in Paragraph 52 of the Amended Complaint.

53. Defendants deny the allegations contained in Paragraph 53 of the Amended Complaint.

54. Defendants deny the allegations contained in Paragraph 54 of the Amended Complaint.

55. Defendants deny the allegations contained in Paragraph 55 of the Amended Complaint, except state that the website www.chghealthcare.com/#careers speaks for itself as to its contents.

56. Defendants deny the allegations contained in Paragraph 56 of the Amended Complaint.

57. Defendants deny the allegations contained in Paragraph 57 of the Amended Complaint.

58. Defendants deny the allegations contained in Paragraph 58 of the Amended Complaint.

**B.      Plaintiffs and the Putative Class Members**

59. Defendants deny the allegations contained in Paragraph 59 of the Amended Complaint.

60. Defendants deny the allegations contained in Paragraph 60 of the Amended Complaint.

61. Defendants deny the allegations contained in Paragraph 61 of the Amended Complaint, except aver that Plaintiff Leiber was employed as a Sales Consultant at Weatherby in Ft. Lauderdale, Florida from April 25, 2016 through June 17, 2016.

62. Defendants deny the allegations contained in Paragraph 62 of the Amended Complaint.

63. Defendants deny the allegations contained in Paragraph 63 of the Amended Complaint.

64. Defendants deny the allegations contained in Paragraph 64 of the Amended Complaint.

65. Defendants deny the allegations contained in Paragraph 65 of the Amended Complaint, except aver that Plaintiff Lott was employed as a Sales Consultant at Weatherby in Ft. Lauderdale, Florida from April 25, 2016 through June 17, 2016.

66. Defendants deny the allegations contained in Paragraph 66 of the Amended Complaint.

67. Defendants deny the allegations contained in Paragraph 67 of the Amended Complaint.

68. Defendants deny the allegations contained in Paragraph 68 of the Amended Complaint.

69. Defendants admit Plaintiffs attended training in Salt Lake City, Utah during their first week of employment, except deny the remaining allegations contained in Paragraph 69 of the Amended Complaint.

70.     Defendants admit all Sales Consultants are required to attend training in Salt Lake City, Utah during the first week of their employment, except deny the remaining allegations contained in Paragraph 70 of the Amended Complaint.

71.     Defendants deny the allegations contained in Paragraph 71 of the Amended Complaint.

72.     Defendants deny the allegations contained in Paragraph 72 of the Amended Complaint.

73.     Defendants deny the allegations contained in Paragraph 73 of the Amended Complaint.

**C.     Overtime Compensation**

74.     Defendants deny the allegations contained in Paragraph 74 of the Amended Complaint.

75.     Defendants deny the allegations contained in Paragraph 75 of the Amended Complaint.

76.     Defendants deny the allegations contained in Paragraph 76 of the Amended Complaint.

77.     Defendants deny the allegations contained in Paragraph 77 of the Amended Complaint.

78.     Defendants deny the allegations contained in Paragraph 78 of the Amended Complaint, except aver that 29 C.F.R. § 541.705 speaks for itself as to its contents.

79.     Defendants admit the allegations contained in Paragraph 79 of the Amended Complaint as to the named Plaintiffs.

80. Defendants deny the allegations contained in Paragraph 80 of the Amended Complaint.

81. Defendants deny the allegations contained in Paragraph 81 of the Amended Complaint.

82. Defendants deny the allegations contained in Paragraph 81 of the Amended Complaint.

83. Defendants deny the allegations contained in Paragraph 83 of the Amended Complaint.

84. Defendants admit the allegations contained in Paragraph 84 of the Amended Complaint, except state that the named Plaintiffs never worked over forty (40) hours in any of the eight workweeks they were employed, and they were paid both a salary and commissions.

85. Defendants aver that the FLSA speaks for itself as to its contents.

86. Defendants deny the allegations contained in Paragraph 86 of the Amended Complaint.

87. Defendants deny the allegations contained in Paragraph 87 of the Amended Complaint.

88. Defendants deny the allegations contained in Paragraph 88 of the Amended Complaint.

89. Defendants deny the allegations contained in Paragraph 89 of the Amended Complaint.

90. Defendants deny the allegations contained in Paragraph 90 of the Amended Complaint and note that this allegation appears to have been copied from an unrelated case filed by Plaintiffs' counsel, as neither Plaintiff in this action was employed as a "driver."

91. Defendants deny the allegations contained in Paragraph 91 of the Amended Complaint.

## COUNT I –OVERTIME COMPENSATION (29 U.S.C. § 207)

92. Defendants repeat and reassert their responses to Paragraphs 1 through 91 of the Amended Complaint as though fully set forth herein.

93. Defendants deny the allegations contained in Paragraph 93 of the Amended Complaint.

94. Defendants deny the allegations contained in Paragraph 94 of the Amended Complaint.

95. Defendants deny the allegations contained in Paragraph 95 of the Amended Complaint.

96. Defendants aver that 29 C.F.R. §§ 516.2 and 516.5 speak for themselves as to their contents.

97. Defendants deny the allegations contained in Paragraph 97 of the Amended Complaint.

98. Defendants deny the allegations contained in Paragraph 98 of the Amended Complaint.

99. Defendants deny the allegations contained in Paragraph 99 of the Amended Complaint.

100. Defendants deny the allegations contained in Paragraph 100 of the Amended Complaint.

101. Defendants deny the allegations contained in Paragraph 101 of the Amended Complaint.

102. Defendants deny the allegations contained in Paragraph 102 of the Amended Complaint.

103. Defendants deny the allegations contained in Paragraph 103 of the Amended Complaint.

104. Defendants deny the allegations contained in Paragraph 104 of the Amended Complaint.

## PRAYER FOR RELIEF

Defendants deny that Plaintiffs and the unnamed and unidentified allegedly similarly-situated individuals they purport to represent in this action, are entitled to judgment, damages, or any of the relief requested herein from Defendants, including, but not limited to, the relief listed in subparagraphs (a) through (k).

## JURY TRIAL DEMAND

Defendants aver that Plaintiffs demand a trial by jury on all issues so triable, except deny Plaintiffs are entitled to a jury trial, as they executed employment agreements upon hire, which contain jury waivers with respect to claims arising under, *inter alia*, the FLSA.

## STATEMENT OF AFFIRMATIVE DEFENSES

## GENERAL DENIAL

Defendants deny each and every allegation of fact, conclusion of law, or other matter contained in the Amended Complaint that has not been expressly admitted in this pleading.

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint is barred, in whole or in part, because Plaintiff and the allegedly similarly-situated employees were exempt from the overtime requirements of the FLSA.

CASE NO.:18-61139-CIV-BLOOM/VALLE

**SECOND AFFIRMATIVE DEFENSE**

The Amended Complaint is barred, in whole or in part, because the acts and omissions complained of were made in good faith and Defendants had reasonable grounds for believing their acts or omissions were not violations of the FLSA because of the job duties and functions Plaintiffs performed during their employment.

**THIRD AFFIRMATIVE DEFENSE**

Even if the allegations in the Amended Complaint are true, which they are not, any amounts due to Plaintiffs should be set off by payments received by Plaintiffs from Defendants.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' and the allegedly similarly-situated employees' claims under the FLSA are barred on the grounds that, pursuant to 29 U.S.C. § 259(a), the acts or omissions complained of in this case were in good faith and in conformity with and in reliance on written administrative regulations, orders, rulings, approvals or other interpretations of the Administrator of the Wage and Hour Division of the Department of Labor.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' and the allegedly similarly-situated employees' claims for liquidated damages should be denied, in whole or in part, because in the event violations of the FLSA did occur, which they did not, Defendants' actions were neither willful nor reckless, but were taken in good faith, and were based on reasonable grounds for believing the actions were not violations of the FLSA.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' and the allegedly similarly-situated employees' claims are barred by payment in that they all have received all compensation to which they are entitled under the FLSA.

### SEVENTH AFFIRMATIVE DEFENSE

Even if the allegations contained in Plaintiffs' Amended Complaint are true, which they are not, to the extent that the time for which Plaintiffs and the allegedly similarly-situated employees allege that they had not been compensated involves only insubstantial or insignificant periods of time, these period of time are "*de minimis*" and are not compensable under the FLSA pursuant to 29 C.F.R. § 785.47.

### EIGHTH AFFIRMATIVE DEFENSE

For some or all of the claims asserted, individual issues of fact or law predominate over common issues.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs are not adequate representatives of those individuals they purport to represent.

### TENTH AFFIRMATIVE DEFENSE

Defendants assert that Plaintiffs' and the allegedly similarly-situated employees' unpaid overtime activities at issue in the Amended Complaint, to the extent any actually existed, were non-compensable by express contract, custom, or practice.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendants seek a good-faith extension of the law, such that Plaintiffs' and the allegedly similarly-situated employees' claims are barred, in whole or in part, based on the principles set forth in *Faragher v. City of Boca Raton,* 524 U.S. 775 (1998), that Defendants exercised reasonable care to prevent and promptly correct any violation of the FLSA, and Plaintiffs and the allegedly similarly-situated employees unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendants or to avoid harm otherwise.  Defendants acted, and continue to act, in conformity with and in reliance upon the FLSA and any and all other

applicable law(s), rule(s) and/or regulation(s). Based upon Plaintiffs' job duties, classification, and work performed, Plaintiffs received proper compensation from Defendants during their employment.

Defendants reserve the right to raise additional affirmative defenses as discovery may reveal.

WHEREFORE, having fully answered the Amended Complaint and having raised affirmative defenses thereto, Defendants respectfully request that the Court: (a) dismiss with prejudice the Amended Complaint in its entirety; (b) award Defendants their costs, disbursements, and attorneys' fees; and (c) award Defendants such other and further relief as this Court may deem just and appropriate.

Dated: August 27, 2018                                  Respectfully submitted,

*s/ Jennifer A. Schwartz*
Jennifer A. Schwartz, Esq. (502431)
Email: *jennifer.schwartz@jacksonlewis.com*
Allison Gluvna Folk, Esq. (041075)
Email: *allison.folk@jacksonlewis.com*
JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7600
Facsimile: (305) 373-4466

*Counsel for Defendants*

CASE NO.:18-61139-CIV-BLOOM/VALLE

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the below Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/ Allison Gluvna Folk*
Allison Gluvna Folk, Esq.

## SERVICE LIST

**BRANDY JO LEIBER,** *ET AL.* **V. CHG HEALTHCARE SERVICES, INC.,** *ET AL.*
**CASE NO: 18-61139-CIV-BLOOM/VALLE**

| | |
|---|---|
| Paul M. Botros, Esq. (0063365) | Jennifer A. Schwartz, Esq. (502431) |
| Email: *pbotros@forthepeople.com* | Email: *jennifer.schwartz@jacksonlewis.com* |
| 600 N. Pine Island Road | Allison Gluvna Folk, Esq. (041075) |
| Suite 400 | Email: *allison.folk@jacksonlewis.com* |
| Plantation, FL 33324 | JACKSON LEWIS P.C. |
| Telephone: (954) 327-5352 | One Biscayne Tower, Suite 3500 |
| Facsimile: (954) 327-3017 | 2 South Biscayne Boulevard |
| | Miami, Florida 33131 |
| *Counsel for Plaintiffs* | Telephone: (305) 577-7600 |
| | Facsimile: (305) 373-4466 |
| Served via transmission of Notices of Electronic Filing generated by CM/ECF | *Counsel for Defendants* |
| | Served via transmission of Notices of Electronic Filing generated by CM/ECF |

4849-0207-4736, v. 1