UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 18-61139-CIV-BLOOM/VALLE

BRANDY JO LEIBER and JORDAN LOTT,
on behalf of themselves and those similarly
situated,

       Plaintiffs,

v.

CHG HEALTHCARE SERVICES, INC., a
foreign for profit corporation, CHG
COMPANIES, INC., CHG MEDICAL
STAFFING, INC., a foreign for profit
corporation, CHG MANAGEMENT, INC.,
COMPHEALTH ASSOCIATES, INC., and
WEATHERBY LOCUMS, INC.,

       Defendants.
_____/

**JOINT MOTION FOR COURT APPROVAL OF
SETTLEMENT AGREEMENT AND GENERAL RELEASE
AND TO DISMISS LAWSUIT WITH PREJUDICE**

The Parties, through their respective counsel, respectfully move this Court for approval of their Settlement Agreement and General Release, resolving the matter as set forth therein, and for a dismissal of this lawsuit with prejudice. In support thereof, the Parties state as follows:

1. Plaintiffs commenced this action by filing of a Complaint against Defendants on May 18, 2018, for unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 216(b), as amended, ("FLSA").

2. The Parties have engaged in settlement negotiations, resulting in an accord and satisfaction embodied in the Settlement Agreement and Release the Parties signed, and which

the Parties believe and agree represents a fair, reasonable, and adequate settlement of Plaintiffs' claims against Defendants.  The Plaintiffs claim they were misclassified as exempt employees and are owed unpaid overtime wages, including liquidated damages.  Defendants maintain that Plaintiffs were exempt from the overtime compensation requirements of the FLSA.  In addition to a dispute regarding an entitlement to overtime, the Parties also are in dispute regarding the number of hours worked by the Plaintiffs each week.

As set forth above, factual disputes exist.  Nevertheless, Defendants are paying Plaintiffs a settlement to resolve the case.  The settlement is fair for a number of reasons.  First, all counsel and Parties hereto agree that there was no fraud or collusion behind the settlement.  Second, continued litigation would have required the taking of depositions of Plaintiffs and both former and current employees of the Defendants.  Due to the factual disputes, this case may have gone to trial, or required filing a motion for summary judgment.

Third, with respect to the probability of the Plaintiffs' success, based on the Defendants' defenses, the Plaintiffs may not have recovered anything in this action if they had gone to trial, and their recovery may have been significantly reduced insofar as the actual number of compensable hours, as set forth above.  Fourth, the actual amount Defendants are paying is reasonable in light of the Defendants' strong belief that nothing is owed.

Fifth, counsel for the Parties agree that the proposed settlement is fair in light of the contested issues in this case.  Counsel for each of the Parties individually affirms the above summary, which the Court can use to determine the fairness of the proposed settlement. Copies of the Parties' Settlement Agreements and General Releases are appended hereto as composite Exhibit "A."

3. Pursuant to Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350 (11th Cir. 1982), claims arising under the FLSA may be settled or compromised only with the approval of the Court or Secretary of Labor.

4. The Parties represent that, in accordance with the terms of the Settlement Agreements and General Releases, Plaintiffs are receiving a reasonable and satisfactory recovery of an agreed-upon sum as payment for allegedly owed unpaid wages. The Parties were unable to reach an agreement on the issue of attorneys' fees and that issue will be determined at a later date.

5. Aside from Plaintiffs, there are no other parties to this action other than those set forth in the caption above.

6. Plaintiffs agree and stipulate that the terms of the settlement agreement represent a fair and equitable resolution of this matter. Additionally, the Parties have been adequately represented by experienced counsel.

7. The Parties request that the Court approve the Parties' settlement as fair and reasonable resolutions of a bona fide dispute under the FLSA.

8. The Parties further stipulate to a dismissal, with prejudice, of this action upon approval of the settlement by the Court as requested above and for the Court to retain jurisdiction for thirty (30) days in order to enforce the terms of the settlement agreement, if needed.

WHEREFORE, the Parties respectfully request that this Court: (1) approve the Parties' Settlement Agreements and General Releases, resolving this matter on the terms set forth therein; and (2) dismiss the case with prejudice as requested above, but retain jurisdiction for the limited purpose of enforcing the Parties' Settlement Agreements and General Releases.

CASE NO.: 18-61139-CIV-BLOOM/VALLE

| | |
|---|---|
| Dated:  January 10, 2019 | Respectfully submitted, |
| By: *s/ Paul M. Botros*<br>Paul M. Botros, Esq. (0063365)<br>Email: *pbotros@forthepeople.com*<br>MORGAN & MORGAN, P.A.<br>600 N. Pine Island Road<br>Suite 400<br>Plantation, FL 33324<br>Telephone: (954) 327-5352<br>Facsimile: (954) 327-3017<br><br>*Counsel for Plaintiffs* | By: *s/ Allison Gluvna Folk*<br>Jennifer A. Schwartz, Esq. (502431)<br>Email: *jennifer.schwartz@jacksonlewis.com*<br>Allison Gluvna Folk, Esq. (041075)<br>Email: *allison.folk@jacksonlewis.com*<br>JACKSON LEWIS P.C.<br>One Biscayne Tower, Suite 3500<br>2 South Biscayne Boulevard<br>Miami, Florida 33131<br>Telephone: (305) 577-7600<br>Facsimile: (305) 373-4466<br>*Counsel for Defendants* |

4811-2348-7107, v. 1